UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**ERSALINE EDWARDS,**               )
                                    )
       **Plaintiff,**   )
                                    )
       v.               )   Civil Action No. 09-167 (RMC)
                                    )
**ODIE WASHINGTON** *et al.***,**   )
                                    )
       **Defendants.**  )
_____ )

## MEMORANDUM OPINION

      In this civil action filed *pro se*, plaintiff Ersaline Edwards sues for $1 million in monetary damages, claiming that the defendants violated the Constitution and federal law in refusing to pay her medical bills for an injury she sustained while qualifying for a job with the District of Columbia Department of Corrections ("DCDC"). She sues DCDC Director Odie Washington and Unknown Members of the D.C. Department of Corrections, "[i]ndividually and in their official capacity[.]" Compl. at 1. Defendant Odie Washington moves in his official capacity to dismiss the complaint under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process and Rule 12(b)(6) for failure to state a claim upon which relief can be granted [Dkt. # 10].

      Having reviewed the complaint in light of Defendant's motion and Ms. Edwards's opposition [Dkt. # 14], the Court finds that the complaint fails to state a claim upon which relief can be granted. It therefore will grant Mr. Washington's motion to dismiss under Rule 12(b)(6) and will dismiss the complaint in its entirety.[1]

---

[1] As a party proceeding *in forma pauperis*, Ms. Edwards is relying on the court officers to effect proper service of process. *See* 28 U.S.C. § 1915(d). Therefore, the Court will not penalize her by granting Defendant's Rule 12(b)(5) motion to dismiss.

## I.  BACKGROUND

Ms. Edwards alleges the following. In 2007, she "was called to begin qualification training [to become] a [DCDC] correctional officer." Compl. at 2. She signed, among other papers, a document entitled "INFORMED CONSENT: LIABILITY RELEASE FORM." *Id*. (capitalization in original). In August 2007, "during her training and qualification" to become a DCDC correctional officer, Ms. Edwards was "assigned to run down a flight of stairs in one of the old D.C. General Hospital Buildings. While running . . . [she] [lost] her balance and grabbed the railing on the side of the steps." Compl. at 2 ¶ 4. Because the railing was wet, Ms. Edwards "was unable to sustain her grip" and fell down the step. She "was in excruciating pain" and could not get up. *Id*.

The D.C. Fire Department Rescue Squad was called and transported Ms. Edwards to Greater Southeast Community Hospital where she was told following an x-ray "that both bones in her leg were broken." They gave [Ms. Edwards] some medication, strapped her leg[,] gave her some crutches[,] told her to make an appointment for a doctor in four or five days [and] then released [her]." *Id*. ¶ 7. The following day, when the pain had not subsided, Ms. Edwards's father and brother took her to the emergency room at Prince George's Community Hospital but, because the emergency room was "severely overcrowded," they left and went to Georgetown University Hospital. *Id*. ¶ 10. The doctors at Georgetown performed an operation, "thereby putting [Ms. Edwards's] broken bones back together[,]" and released her. *Id*. ¶ 11. Ms. Edwards "later received a bill from the D.C. fire and EMS Department [for] $268.00 . . . a bill from the Greater Southeast Community Hospital for $315.00 and $1405.00 [and] a bill from Georgetown University Hospital for $37,310.00. *Id*. ¶ 12. She "sought the defendants and their agents to pay her hospital and emergency Ambulance bills," but they refused to do so. *Id*. ¶ 13.

Ms. Edwards filed this lawsuit in the District of Maryland, which transferred the case

here by Order of November 20, 2008. She asserts that the defendants deprived her of due process and equal protection of the laws and violated the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. §§ 651 *et seq*. Ms. Edwards also invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332.

## II. ANALYSIS

At the pleading stage, a complaint may be dismissed for failure to state a claim upon a determination that the plaintiff cannot establish "any set of facts consistent with the allegations in the complaint" to support the alleged violation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1969 (2007) (citations omitted). "A pleading that [merely] offers 'labels and conclusions' [] 'a formulaic recitation of the elements of a cause of action' [or] 'naked assertion[s]' devoid of 'further factual enhancement'" cannot survive a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*). In ruling on a motion to dismiss, the Court need not accept legal conclusions cast as factual allegations, *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004), or "inferences drawn by [the plaintiff] if such inferences are unsupported by the facts set out in the complaint," *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Ms. Edwards claims that Defendants deprived her "of a safe and healthy [work] environment" by "knowingly, intentionally and with malicious intent" failing to "adequately secur[e] the railing against moister [sic]" and that they, with the same intent, deprived her of "just compensation, due process and equal protection of the laws by failing to pay her medical bills, and compensating her for labor and injury for being hurt on their job and premises." Compl. at 3 ¶ 4. She further claims constitutional violations based on Defendants' "training . . . in a shutdown possible [sic] condemned building and failing to insure her for potential injuries" and faults the District for

"not compelling any other law enforcement agency with the Government to sign the same agreement that plaintiff was compelled to sign." *Id*. at 4 ¶¶ 5-6.  Ms. Edwards's facts do not identify any rights secured by the Constitution, and the OSHA does not create a private cause of action., *Am. Fed'n of Gov't Employees, AFL-CIO v. Rumsfeld*, 321 F.3d 139, 143-44 (D.C. Cir. 2003) (citing cases).  The complaint therefore fails to provide a basis for this Court's original jurisdiction under 28 U.S.C. § 1331.

Because Ms. Edwards has properly invoked this Court's diversity jurisdiction – the parties are of diverse citizenship and the damages sought exceed $75,000 – the Court will address what at best is a claim of negligence against the District for failing to maintain a dry training facility. The claim is quickly resolved because Ms. Edwards released the District from all liability arising from her "participation in the physical fitness examination" when she signed, in the presence of two witnesses, the liability release form.  Pl.'s Affidavit Mot. in Opp'n to Def.'s Mot. to Dismiss and or Mot. for Summ. J. [Dkt. # 14], Ex. A (Informed Consent: Liability Release Form).

The District of Columbia recognizes "prospective liability waivers for claims of negligent conduct" as long as the waiver is reasonably unambiguous and clear.  *Wright v. Sony Pictures Entm't, Inc.*, 394 F. Supp.2d 27, 32-34 (D.D.C. 2005) (Bates, J.).  By signing the single-page, two-paragraph consent form prominently captioned "INFORMED CONSENT: LIABILITY RELEASE FORM," Ms. Edwards acknowledged and "agree[d] to accept" that she would undergo a

> physical fitness examination [] intended to test overall physical ability . . . [that] there are risks to my physical health and well-being inherent in the physical fitness examination [that I] voluntarily and knowingly agree to accept . . . [and that I] release and forever discharge the DCDC, the District of Columbia . . . [from liability] by reason of my participation in the physical fitness examination which is part of the application process for employment with the DCDC.

Pl.'s Ex. A. This language is similar to that considered in *Wright*, where, in paragraph 31 of an eight-page, single-spaced Contestant Release Form, the plaintiff "agree[d]" that he would

> not bring or be a party to any legal action or claim against the released parties, based upon or arising out of my participation on the program or in any way related to the program . . . on any legal theory (including, but not limited to, personal injury)[.]

*Wright*, 394 F. Supp.2d at 30 (parenthesis in original). Judge Bates, in dismissing Mr. Wright's negligence claim, found that the foregoing language was "unambiguous and clear so that plaintiff would understand he was waiving his right to bring a claim for personal injuries suffered as a result of his participation as a contestant on Wheel of Fortune." *Id*. at 34. The same holds true for Ms. Edwards and her participation in the District's physical fitness examination.

### III. CONCLUSION

For the foregoing reasons, the Court grants Defendant's Rule 12(b)(6) motion to dismiss. A separate Order dismissing the complaint in its entirety accompanies this Memorandum Opinion.

Date:   October 14, 2009                                         /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge